UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:26-01465 ADS Date: July 29, 2026

Title: *Angel Garcia v. Anthony C. Favata, et al.*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUPPLEMENTAL JURISDICTION**

In this case, Plaintiff Angel Garcia alleges claims against Defendant Gerald Lundgren, as trustee of the 1001-1041 Whittier Blvd. Trust, and unnamed Does under the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), Disabled Persons Act, and Health and Safety Code, and for negligence. (Dkt. 1 ("Compl.")) Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act and Disabled Persons Act. Plaintiff contends that the Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state law claims. (Compl. ¶ 7.)

State law claims may be brought in federal court under the doctrine of supplemental jurisdiction. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

The Ninth Circuit has found that ADA/Unruh cases such as this one can present exceptional circumstances that warrant the declination of supplemental jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:26-01465 ADS Date: July 29, 2026

Title: *Angel Garcia v. Anthony C. Favata, et al.*

over state law claims. Arroyo v. Rosas, 19 F.4th 1202, 1205, 1211 (9th Cir. 2021) (finding exceptional circumstances where generally litigants filing ADA/Unruh cases in federal court were circumventing California procedural requirements specifically designed to limit litigation); see also Vo v. Choi, 49 F.4th 1167, 1171, 1174 (9th Cir. 2022) (affirming district court's declination of supplemental jurisdiction in an ADA/Unruh case, where litigants evaded California procedural requirements and the declination "best served the principles of economy, convenience, fairness, and comity".)

**Plaintiff is ORDERED TO SHOW CAUSE why supplemental jurisdiction should be exercised by the Court over the state law claims.** Plaintiff must file a response to this Order to Show Cause by **August 12, 2026**. In the response, Plaintiff shall identify the amount of statutory damages being sought. Plaintiff and counsel shall also include declarations in the response which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2). Failure to respond to this Order may result in the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS SO ORDERED.**

Initials of Clerk kh